IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMPREHENSIVE BEHAVIORAL  ) | |
| HEALTH CENTER OF ST. CLAIR  ) | |
| COUNTY, INC.,                           ) | |
|                                                    ) | |
|              **Plaintiff,**                   ) | |
|                                                    ) | |
| v.                                                ) | Case No.  13-cv-01037-JPG-DGW |
|                                                    ) | |
| GREAT AMERICAN INSURANCE ) | JURY DEMAND |
| COMPANY,                                ) | |
|                                                    ) | |
|              **Defendant.**                 ) | |

## ANSWER

Great American Insurance Company, defendant, for its answer to Comprehensive Behavioral Health Center of St. Clair County, Inc.'s complaint, states:

### COUNT I – DECLARATORY JUDGMENT

1. This is a Complaint for Declaratory Judgment.

**ANSWER:**   Admit

2. This court has jurisdiction over the present matter pursuant to 28 U.S.C. Sec. 1332.

**ANSWER:**   Admit on information and belief.

3. The amount in controversy in this matter exceeds $75,000.00.

**ANSWER:**   Admit on information and belief.

4. Plaintiff, Comprehensive Behavioral Health Center of St. Clair County, Inc. (hereinafter "Comprehensive Behavioral Health"), is an Illinois not-for-profit corporation with its principle place of business in St. Clair County, Illinois.

1

**ANSWER:** Admit on information and belief.

5. Defendant, Great American Insurance Company (hereinafter "Great American") is an Ohio corporation, with its principal place of business in Cincinnati, Ohio. Great American is doing business in St. Clair County, Illinois.

**ANSWER:** Admit.

6. At all times material hereto defendant, Great American, had in full force and effect a Policy of Insurance for its insured, Comprehensive Behavioral Health, bearing Policy No. EPP9424794 (hereinafter Policy). It furnishes coverage for "Non-Profit Organization Executive Protection and Employment Practices Liability Insurance." A copy of said Policy is attached hereto and incorporated herein by reference.

**ANSWER:** Admit that Great American had in full force and effect an insurance policy for Comprehensive Behavioral Health, an "Insured" as defined under the policy, bearing Policy No. EPP9424794 (Policy), as alleged in the first sentence. Admit that the Policy referred to in the first sentence is called a "Non-Profit Organization Executive Protection and Employment Practices Liability Insurance," as alleged in the Second Sentence. Deny the remaining allegations in this paragraph.

7. The Policy has a Policy term from November 1, 2009 through November 1, 2010 and that Comprehensive Behavioral Health is a covered company.

**ANSWER:** Admit that the Policy Period of Great American's Policy is from November 1, 2009 through November 1, 2010 and that Comprehensive Behavioral Health is an "Insured" as defined under that Policy; deny the remaining allegations.

8. On or about September 26, 2012, the Equal Employment Opportunity Commission (hereinafter the "EEOC") filed a Complaint against the Comprehensive Behavioral

Health Center of St. Clair County, Illinois. Said matter is docketed in the United States District Court for the Southern District of Illinois, No. 12-cv-01031-WDS-SCW.

**ANSWER:** Admit on information and belief the allegations in the first sentence of paragraph 8 and that the matter is docketed in the United States District Court for the Southern District of Illinois; deny the remaining allegation.

9. Prior to September 26, 2012, Great American had received notice of a claim filed by Pamela D. Perry.

**ANSWER:** Admit that prior to September 26, 2012, Great American received notice of a charge filed by Pamela D. Perry with the EEOC and Illinois Department of Human Rights, which qualifies as a "Claim" under the Policy; deny the remaining allegations.

10. On or about January 2, 2013, Pamela Perry filed a Complaint in Intervention in Case No. 12-cv-01031-WDS-SCW.

**ANSWER:** Admit on information and belief.

11. In both the Complaint filed by the EEOC and the Complaint in Intervention filed by Ms. Perry, it is alleged that Comprehensive Behavioral Health engaged in unlawful employment practices by discriminating against Ms. Perry with regard to her disability.

**ANSWER:** Admit

12. Comprehensive Behavioral Health has filed answers to both said Complaints denying that it engaged in any unlawful employment practice.

**ANSWER:** Admit on information and belief.

13. The Complaint filed by the EEOC in Case No. 12-cv-01031-WDS-SCW constitutes a "claim" within the meaning of the insurance policy issued by Great American Insurance Company.

**ANSWER:** Admit that the Complaint filed by the EEOC in Case No. 12-cv-01031-WDS-SCW constitutes a "Claim" within the meaning of the insurance policy issued by Great American Insurance Company; deny the remaining allegations.

14. The Complaint in Intervention filed by Pamela Perry constitutes a "claim" within the meaning of the insurance policy issued by Great American Insurance Company.

**ANSWER:** Admit that the Complaint in Intervention filed by Pamela Perry constitutes a "Claim" within the meaning of the insurance policy issued by Great American Insurance Company; deny the remaining allegations.

15. Under the terms of the insurance policy, in the event of a claim, Great American is obligated to pay "costs of defense."

**ANSWER:** Deny

16. Under the terms of the insurance policy, in the event of a claim, Great American is obligated to pay "loss."

**ANSWER:** Deny

17. Great American has refused and continues to refuse to provide a defense to the aforesaid complaints.

**ANSWER:** Admit

18. Great American has breached the policy of insurance by not providing a defense to the aforesaid Complaints.

**ANSWER:** Deny. Comprehensive Behavioral Health failed to comply with Section VII.A. of the Policy, as amended by Endorsement 9, which provides:

> A. The **Insureds** shall as a condition precedent of their rights under this Policy, give the Insurer notice in writing of any **Claim** made, as soon as practicable from the date the Chairman, President, Executive Director, Chief Financial Officer,

>General Counsel or equivalent has knowledge of the **Claim** and in no event later than ninety (90) days after the end of the **Policy Period.**

A **Claim** was first made when Pamela Perry filed a Charge of Discrimination with the Illinois Department of Human Rights in late October 2010. Comprehensive Behavioral Health did not provide notice to Great American during the **Policy Period** or the 90-day period after the end of the **Policy Period** as required by the wording quoted above.

      19.    Comprehensive Behavioral Health has incurred and continues to incur costs of defense in conjunction with Case No. 12-cv-01031-WDS-SCW.

**ANSWER:**    Admit on information and belief.

      20.    By reason of the foregoing, a declaratory judgment is both necessary and appropriate in order to set forth and determine the rights, obligations, and liabilities which exist between the parties as to the policy of insurance.

**ANSWER:**    Admit

      21.    By refusing to provide a defense for the claim asserted in Case No. 12-cv-01031-WDS-SCW, Great American is estopped from denying coverage.

**ANSWER:**    Deny

      22.    The actions of Great American in refusing to provide coverage are vexatious and unreasonable within the terms of 215 ILCS 5/155 entitling Comprehensive Behavioral Health to recover its attorney's fees and costs plus a penalty in accordance with the provisions of 215 ILCS 5/155.

 **ANSWER:**    Deny

## COUNT II – BREACH OF CONTRACT

23.     Plaintiff readopts and reincorporates its paragraphs 1 through 22 above as if fully set forth herein.

**ANSWER:**   Great American restates its answers to paragraphs 1 through 22 as its answer to paragraph 23.

24.     Comprehensive Behavioral Health entered into a contract for insurance with Great American.

**ANSWER:**   Admit.

25.     Comprehensive Behavioral Health has sustained a loss which is covered by the Policy.

**ANSWER:**   Deny.

26.     Comprehensive Behavioral Health has made a demand upon Great American for payment pursuant to the Policy.

**ANSWER:**   Admit that Comprehensive Behavioral Health has made demand upon Great American for payment; deny the remaining allegations.

27.     Great American has refused, and continues to refuse, to issue payment pursuant to said Policy.

**ANSWER:**   Admit

28.     At all times, Comprehensive Behavioral Health has complied with its obligations pursuant to the Policy.

**ANSWER:**   Deny.  Comprehensive Behavioral Health failed to comply with Section VII.A. of the Policy, as amended by Endorsement 9, which provides:

> A.  The **Insureds** shall as a condition precedent of their rights under this Policy, give the Insurer notice in writing of any **Claim** made, as soon as practicable from the date the Chairman, President, Executive Director, Chief Financial Officer, General Counsel or equivalent has knowledge of the **Claim** and in no event later than ninety (90) days after the end of the **Policy Period.**

A **Claim** was first made when Pamela Perry filed a Charge of Discrimination with the Illinois Department of Human Rights in late October 2010. Comprehensive Behavioral Health did not provide notice to Great American during the **Policy Period** or the 90-day period after the end of the **Policy Period** as required by the wording quoted above.

29.  As a result of Great American's refusal to pay under the Policy, Great American is in breach of the contract and Comprehensive Behavioral Health has suffered damages as a direct and proximate result.

ANSWER:   Deny

WHEREFORE, Great American Insurance Company, defendant, requests that this Court dismiss the Complaint of Comprehensive Behavioral Health, plaintiff, with prejudice, award Great American Insurance Company costs and grant such other relief as appropriate in the circumstances.

**GREAT AMERICAN INSURANCE COMPANY**

 /s/ Christopher J. Graham
One of Its Attorneys

Christopher J. Graham, Bar No. 6185643
**JONES LEMON & GRAHAM LLP**
328 S. Second Street
Geneva, IL 60134
Telephone: (630) 208-0805
Facsimile: (630) 208-4651
chrisg@joneslemon.com

## JURY DEMAND

TRIAL BY JURY IS HEREBY DEMANDED ON ALL COUNTS

**GREAT AMERICAN INSURANCE COMPANY**

/s/ Christopher J. Graham
One of Its Attorneys

Christopher J. Graham, Bar No. 6185643
**JONES LEMON & GRAHAM LLP**
328 S. Second Street
Geneva, IL 60134
Telephone: (630) 208-0805
Facsimile: (630) 208-4651
chrisg@joneslemon.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2014, the foregoing was served via operation of the

Court's Electronic Case Filing system at the following email address:

Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
E-mail: cpierce@piercelawpc.com


                                                    s/Christopher J. Graham_____